UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TRACY  JOHNSON,                )
                                          )
               Petitioner,      )
                                          )
            vs.                 )      No. 1:16-cv-00738-TWP-DKL
                                          )
SUPERINTENDENT New Castle Correctional  )
Facility,                            )
                                          )
               Respondent.    )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Tracy Johnson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 16-01-0052. For the reasons explained in this Entry, Johnson's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On January 5, 2016, Internal Affairs Officer Williams issued a Report of Conduct charging

Johnson with battery inflicting serious bodily injury in violation of Code A-102. The Report of

Conduct states:

> The following Conduct Report has been issued to Offender Tracy Johnson IDOC
> #906033, on the above date and time; Internal Affairs was notified of an regarding
> [sic] an assault, in which Johnson was involved. By reviewing video footage,
> Internal Affairs was able to determine Johnson entered C4 and with a closed fist
> struck offender Sullivan, R. #203881 in the face causing abrasions and hematomas
> on his orbital areas. Johnson admitted during an interview, "I hit him twice in the
> face and then kicked him in the ass". Due to the [ ] severity of the assault and the
> facial injuries inflicted Johnson did violate code A-102 (Assault/Battery-Causing
> Bodily Injury) of the Adult Disciplinary Policy.

Dkt. 10-1. Johnson was notified of the charge on January 6, 2016, when he was served with the

Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening

Officer noted that Johnson wanted to plead guilty and waived the right to call witnesses and request

evidence. Dkt. 10-2.

The Hearing Officer conducted a disciplinary hearing on January 7, 2016, during which

Johnson again pled guilty. Dkt. 10-12. The Hearing Officer noted Johnson's statement, "I hit him

with my hand. These young guys walk all over us." Id. (capitalization modified). Relying on the

Conduct Report, pictures, offender and witness statement, the Hearing Officer determined that

Johnson had violated Code A-102 (Id.). The sanctions imposed included 45 days of lost

commissary and phone privileges, 6 months of disciplinary segregation, the deprivation of 180

days of earned credit time, and the demotion from credit class I to II. The Hearing Officer imposed

the sanctions because of the seriousness and nature of the offense and the degree to which the

violation disrupted or endangered the security of the facility.

Johnson filed an appeal to the Facility Head on January 7, 2016, arguing that he was found guilty of Class A Assault/Battery, but should have been found guilty of Class B 212 Assault/Battery because he did not use a weapon during the assault. Dkt. 10-10. The appeal was denied on January 22, 2016. Johnson then appealed to the Final Reviewing Authority, who reduced the offense to a B-212 level battery and modified the sanction to three months of disciplinary segregation and 90 days of lost earned credit time. Dkt. 10-15. The rest of the sanctions remained the same.

## C. Analysis

Johnson argues that he is entitled to relief because there was insufficient evidence that he caused serious bodily injury and because the sanctions imposed were too harsh. Johnson's custodian responded to these arguments on behalf of the State. No reply was filed.

Johnson's first ground for relief, that there was insufficient evidence to find him guilty of Class A-102 battery has been considered. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). No relief is warranted on this basis, however, during the course of the disciplinary appeal process, the charge was reduced from a Class A-102 battery requiring serious bodily injury to a Class B-212 battery, which requires only bodily injury. Thus whether there was sufficient evidence of "serious bodily injury" is no longer at issue. The conduct report, video, photographs, and Johnson's guilty plea are "some evidence" that he is guilty of charged offense which resulted in bodily injury. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis

3

of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Johnson's other claim for relief is that he was sanctioned too severely. Here, the sanctions as modified included 45 days of lost commissary and phone privileges, 3 months of disciplinary segregation, the deprivation of 90 days of earned credit time, the demotion from credit class I to class II. There is no dispute that the sanctions imposed in this case were within the range allowed by the Indiana Disciplinary Code for Adult Offenders. In addition, there was no constitutional guarantee that the sanction imposed would be minimal because of Johnson's past conduct or because he pled guilty. No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Johnson to the relief he seeks. Accordingly, Johnson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  05/18/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

TRACY JOHNSON
906033
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362